UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE T. HUGHES,

                 Plaintiff,         Civil Action No.: 15-13518
                                      Honorable George Caram Steeh
                 v.            Magistrate Judge Elizabeth A. Stafford

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

                 Defendant.
_____/

## REPORT AND RECOMMENDATION
## ON CROSS MOTIONS FOR SUMMARY JUDGMENT [R. 11; R. 12]

     Plaintiff Lawrence Hughes appeals a final decision of Defendant

Commissioner of Social Security ("Commissioner") denying his application

for supplemental security income benefits ("SSI") under the Social Security

Act (the "Act").  Both parties have filed summary judgment motions,

referred to this Court for a Report and Recommendation pursuant to 28

U.S.C. § 636(b)(1)(B).  The Court finds that the administrative law judge's

("ALJ") decision is supported by substantial evidence, and thus

**RECOMMENDS**:

-   **GRANTING** the Commissioner's motion for summary judgment [R.

     12];

- **DENYING** Hughes's motion [R. 11]; and

- **AFFIRMING** the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g).

## I.    BACKGROUND

### A.    Hughes's Background and Disability Applications

Hughes was 41 years old when he filed his application for SSI benefits on October 10, 2012.  [R. 9-5, Tr. 108]. He has past relevant work in the last 15 years as a construction worker. [R. 9-2, Tr. 17, 33]. Hughes alleged that he was disabled by bipolar disorder, phobias, attention deficit hyperactivity disorder ("ADHD"), back and leg pain, deteriorating knees, elbow and joint pain, and chronic headaches, [R. 9-7, Tr. 368], with an alleged onset date of September 14, 2012. [R. 9-5, Tr. 108].

After a hearing, Hughes's application for benefits was denied in a written decision on May 5, 2014.  [R. 9-2, Tr. 10-18]. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. [*Id.,* Tr. 1-6]. Hughes timely filed for judicial review. [R. 1].

### B.    The ALJ's Application of the Disability Framework

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

2

can be expected to last for a continuous period of not less than 12 months."
42 U.S.C. § 1382c(a)(3)(A).

The Commissioner determines whether an applicant is disabled by
analyzing five sequential steps. First, if the applicant is "doing substantial
gainful activity," he or she will be found not disabled.  20 C.F.R. §
416.920(a)(4).  Second, if the claimant has not had a severe impairment or
a combination of such impairments[1] for a continuous period of at least 12
months, no disability will be found. *Id.* Third, if the claimant's severe
impairments meet or equal the criteria of an impairment set forth in the
Commissioner's Listing of Impairments, the claimant will be found disabled.
*Id.* If the fourth step is reached, the Commissioner considers its
assessment of the claimant's residual functional capacity ("RFC"), and will
find the claimant not disabled if he or she can still do past relevant work. *Id.*
At the final step, the Commissioner reviews the claimant's RFC, age,
education and work experiences, and determines whether the claimant
could adjust to other work. *Id.* The claimant bears the burden of proof
throughout the first four steps, but the burden shifts to the Commissioner if
the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14

_____

[1] A severe impairment is one that "significantly limits [the claimant's]
physical or mental ability to do basic work activities."  §§ 1520(c); 920(c).

3

F.3d 1107, 1110 (6th Cir. 1994). [2]

In a September 2012 decision, an ALJ found Hughes to have no medically determinable impairment. [R. 9-3, Tr. 42]. Applying Acquiescence Rulings 98-3(6) and 98-4(6),[3] the present ALJ first concluded there was new and material evidence in the record that unbound him from the prior ALJ's decision. [R. 9-2, Tr. 10]. The ALJ then analyzed Hughes's claim using the five-step sequence, concluding that he was not disabled. At the first step, the ALJ found that Hughes had not engaged in substantial gainful activity since his date of application. [*Id.*, Tr. 12]. At the second step, he found that Hughes had the severe impairments of "arthritis of the back and knees in addition to bipolar disorder and personality disorder." [*Id.*]. Next, the ALJ concluded that that Hughes's severe impairments did not meet or equal the severity of the listed impairments. [*Id.*, Tr. 12-14].

---

[2] Opinions analyzing applications for Disability Insurance Benefits are applicable to SSI claims as well because the same standards apply to each. *See* 20 C.F.R. §§ 404.1520 and 416.920.

[3] Acquiescence Rulings 98–3(6) and 98–4(6) require that an ALJ "adjudicating a subsequent disability claim with an unadjudicated period" of claimed disability adopt the prior administrative findings "with respect to the unadjudicated period unless there is new and material evidence relating to such a finding," which reflects the state of the law in this Circuit. 1998 SSR LEXIS 4, 1998 SSR LEXIS 5 (citing *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997); *Denard v. Sec'y of Health and Human Servs.*, 907 F.2d 598 (6th Cir. 1990)).

Between steps three and four, the ALJ found that Hughes had the RFC to perform sedentary work as defined in 20 CFR 416.967(a), but requiring the "ability to alternate between sitting and standing at will" and being "limited to simple, routine and repetitive tasks that involve no interaction with the public." [*Id.*, Tr. 14]. At the fourth step, the ALJ found that Hughes could not perform past relevant work. [*Id.*, Tr. 17]. With the assistance of VE testimony, the ALJ determined at step five that, based on Hughes's age, education, work experience and RFC, he could perform the positions of assembler and inspector, for which significant jobs existed in the economy. [*Id.*, Tr. 18].

## II.   ANALYSIS

### A.

Pursuant to § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted). Only the

5

evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 512-13 (6th Cir. 2007).

The significant deference accorded the Commissioner's decision is conditioned on the ALJ's adherence to governing standards. "Chief among these is the rule that the ALJ must consider all evidence in the record when making a determination, including all objective medical evidence, medical signs, and laboratory findings." *Gentry*, 741 F.3d at 723. *See also Rogers*, 486 F.3d at 249. In other words, substantial evidence cannot be based upon fragments of the evidence, and "must take into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (internal quotation marks and citation omitted).

The Commissioner must also adhere to its own procedures, but failure to do so constitutes only harmless error unless the claimant has been prejudiced or deprived of substantial rights. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 654 (6th Cir. 2009). On the other hand, substantial errors like ignoring evidence in the record or failing to follow the treating physician rule are not harmless. *Id.*; *Cole v. Astrue*, 661 F.3d 931, 940 (6th Cir. 2011); *Gentry*, 741 F.3d at 729.

Hughes argues that his non-exertional limitations concerning his

6

concentration, memory, attention span, impulse control, irritability and anger issues prevent him from performing the jobs of assembler or inspector. He also argues that his exertional limitations due to chronic back and knee pain prevent him from performing these jobs, and that the ALJ erred in finding his claimed symptoms to be only partially credible. In his brief, Hughes recites medical evidence and effectively invites the Court to engage in a *de novo* review, which would be improper. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) ("If the [Commissioner's] decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion.") (internal citations omitted). The ALJ's decision is supported by substantial evidence and should be affirmed.

## B.

Hughes argues that his non-exertional impairments render him disabled. He first asserts that he "was noted to have difficulty spelling and reading and was unable to spell his sister's name," [R. 11, PgID 474 (citing R. 9-6, Tr. 126)], but the quoted sentence was a subjective statement that he made to an interviewer and not an objective finding. Besides that, he provides no explanation for how such difficulties would prevent him from

7

performing the jobs of assembler or inspector.

Next, Hughes argues that the RFC does not reflect the ALJ's finding that he has moderate difficulties in concentration, persistence or pace ("CPP").  Hughes bears the burden of proving that he requires a more restrictive mental RFC.  *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999); *Jordan v. Comm'r of Soc. Sec.,* 548 F.3d 417, 423 (6th Cir. 2008).  He cites *Ealy v. Comm'r of Soc. Sec.*, 594 F3d. 504, 516-17 (6th Cir. 2010), and various lower court cases to support his argument that limiting him to simple, routine and repetitive tasks is insufficient to account for his moderate limitations in CPP.  "However, *Ealy* does not hold that the terms 'simple, repetitive,' 'routine' or similar modifiers are intrinsically inadequate to address moderate CPP deficiencies."  *Smith v. Comm'r of Soc. Sec.*, No. 13–11610, 2014 WL 4605826, at *11 (E.D.Mich. Sept. 15, 2014).  Indeed, there is nothing inconsistent with a finding of moderate difficulties with CPP at step three and an RFC limiting the claimant to simple, routine tasks. *Southworth v. Comm'r of Soc. Sec.*, No. 12–12243, 2013 WL 3388946, at *16 (E.D.Mich. July 8, 2013 (collecting cases)).

Nor is the ALJ's assessment of Hughes's non-exertional RFC inconsistent with the evidence in the record.  Nick Boneff, Ph.D. found that Hughes demonstrated "difficulties with concentration as evidenced by

8

extreme difficulty performing calculational tasks," "moderate strengths in immediate memory and the capacity to pay attention," "significant problems with short term memory" and "displayed variability in terms of capacity for abstract thinking" and "in terms of capacity for judgment and impulse control." [R. 9-7, Tr. 371]. Hughes cites to these findings, but not to Dr. Boneff's conclusion that "he would appear capable of engaging in simple work type activities, remembering and executing a three or four-step repetitive procedure on a sustained basis, best suited to tasks requiring little if any independent judgment or decision making." [*Id.*]. Taking this opinion into account, the ALJ found that Hughes "retains the capacity to perform simple, routine and repetitive tasks." [R. 9-2, PgID 13].

Hughes also cites to the opinion of state agency psychologist Michele Leno, Ph.D, and argues that the record reflects moderate limitations on his ability to "[m]aintain attention and concentration for extended periods of time," "[i]nteract appropriately with the general public," "[a]ccept instructions," and "[r]espond appropriately to criticism from supervisors." [R. 11, PgID 476 (citing R. 9-3, Tr. 61, 63)]. But these remarks are part of Dr. Leno's overall opinion that work activity is not precluded for Hughes, though he is limited to unskilled work due to his impairments. [R. 9-3, Tr. 59, 63]. The ALJ gave Dr. Leno's opinion great weight, finding that Hughes

9

had moderate difficulties with social functioning and CPP and incorporating her simple work restriction into the RFC.  [R. 9-2, Tr. 13-14, 16].  Dr. Leno's opinion thus supports the ALJ's RFC, and Hughes's argument otherwise is without merit.

## C.

As to his physical impairments, Hughes argues that his pain and use of a prescribed cane are work preclusive.  The record contains a prescription for a cane, and Hughes testified to using one.  [R. 9-2, Tr. 28; R. 9-7, Tr. 393].  The VE testified that the job of assembler would be excluded if the employee required use of a cane while standing.  [R. 9-2, Tr. 35-36].  But as the Commissioner notes, the job of inspector would still be available to the hypothetical claimant, which had 36,000 positions available nationally.  [*Id.*, Tr. 18, 34].  This is well beyond what is required for a job to exist in significant numbers in the economy.  See *Nejat v. Comm'r of Soc. Sec.*, 359 F.App'x 574, 579 (6th Cir. 2009) (citing 500 to 2500 jobs as being sufficient).  Hughes does not argue that his impairments would reduce the number of inspector positions available to him, thus his use of a cane does not render him disabled.

Furthermore, the ALJ found that Hughes's claims as to the need for a cane and the severity of symptoms caused by his impairments were not

10

supported by the medical record.  [R. 9-2, Tr. 15].  The ALJ cited the

opinion of Florence E. Thomas, M.D., who performed a consultative

examination of Hughes in January 2013 and found that he was in no

apparent distress, walked "with upright posture and does not use an

assistive device."  [R. 9-7, Tr. 374].  Dr. Thomas found that Hughes's deep

tendon reflexes in all extremities were normal, that he had "5/5 motor

strength" in all extremities, that he stands without difficulty, got on and off

the exam table without difficulty, can "go from upright to supine and back to

upright without difficulty," goes up and down stairs without difficulty, and

"ambulates with a steady unassisted gait."  [*Id.*, Tr. 375].  Hughes's straight

leg testing was negative for both legs.  [*Id.*].  Despite Dr. Thomas's

impression that Thomas suffers from back, leg, knee and elbow pain, she

opined that he had no limitations that would prevent him from being able to

perform job duties.  [*Id.*].

The ALJ noted that x-rays from just before Dr. Thomas's examination

showed minimal degenerative arthritis in Hughes's knees and back.  [R. 9-

2, Tr. 15; R. 9-7, Tr. 392-94].  Hughes argues that "pain need not be

demonstrated by objective medical evidence," [R. 11, PgID 480], and that

pain is not easily measured by MRIs.  While true, there must still be

"objective medical evidence [that] confirms the severity of the alleged pain

11

arising from the condition" or an "objectively established medical condition [that] is of such a severity that it can reasonably be expected to produce the alleged disabling pain." *Felisky v. Bowen*, 35 F.3d 1027, 1039 (6th Cir. 1994). While there is objective evidence of an underlying medical condition here, there is substantial evidence to support the ALJ's conclusion that Hughes does not suffer from a condition that precludes him from performing work that is consistent the assessed RFC. Further, to the extent that the ALJ's decision rested on a credibility determination, Hughes has presented no compelling reason to disturb that determination. *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001) (credibility determinations of witnesses are within the province of the ALJ and should not be disturbed "absent compelling reason.")

## III.   CONCLUSION

The Court **RECOMMENDS** that the Commissioner's motion for summary judgment **[R. 12]** be **GRANTED**, that Hughes's motion for summary judgment **[R. 11]** be **DENIED**, and the Commissioner's decision be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: October 26, 2016

## <u>NOTICE TO THE PARTIES REGARDING OBJECTIONS</u>

Either party to this action may object to and seek review of this

Report and Recommendation, but must act within fourteen days of service

of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ.

P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any

further right of appeal.   *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v.*

*Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*,

638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but

fail to raise others with specificity will not preserve all objections that party

might have to this Report and Recommendation.  *Willis v. Secretary of*

*HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers*

*Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection

must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2,"

etc., and **must specify** precisely the provision of this Report and

Recommendation to which it pertains.  Not later than fourteen days after

service of objections, **the non-objecting party must file a response** to

the objections, specifically addressing each issue raised in the objections in

the same order and labeled as "Response to Objection #1," "Response to

Objection #2," etc.  The response must be **concise and proportionate in**

13

**length and complexity to the objections**, but there is otherwise no page

limitation.  If the Court determines that any objections are without merit, it

may rule without awaiting the response.

<u>**CERTIFICATE OF SERVICE**</u>

     The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 26, 2016.

<u>s/Marlena Williams</u>
MARLENA WILLIAMS
Case Manager

14