UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE HUGHES,

             Plaintiff,

                                       CASE NO. 15-CV-13518
v.                                  HON. GEORGE CARAM STEEH

COMMISSIONER OF SOCIAL
SECURITY,

             Defendant.

_____/

**OPINION AND ORDER ACCEPTING REPORT AND
RECOMMENDATION (Doc. 13), OVERRULING PLAINTIFF'S
OBJECTIONS (Doc. 14), DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT (Doc. 11), AND GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. 12)**

## I. INTRODUCTION

This matter is before the court on the parties' cross-motions for
summary judgment as to plaintiff Lawrence Hughes' claim for judicial review
of a final decision of defendant Commissioner denying his application for
Supplemental Security Income ("SSI") under the Social Security Act, 42
U.S.C. § 405(g).  The matter was referred to Magistrate Judge Stafford who
issued a report and recommendation on October 26, 2016, recommending
that plaintiff's motion be denied and the Commissioner's motion be granted.

-1-

Plaintiff timely filed objections to that report which this court has duly considered. For the reasons stated below, plaintiff's objections are overruled and the court shall accept Magistrate Judge Stafford's report.

## II. PROCEDURAL AND FACTUAL HISTORY

On October 10, 2012, plaintiff filed an application for SSI benefits alleging a disability as of September 14, 2012. Plaintiff alleged that he was disabled by bipolar disorder, phobias, attention deficit hyperactivity disorder, back and leg pain, deteriorating knees, elbow and joint pain, and chronic headaches. On March 26, 2014, a hearing was held before an Administrative Law Judge ("ALJ"). Plaintiff, who was represented by counsel, testified on his own behalf, as did an impartial vocational expert.

Prior to the onset of his alleged disability, plaintiff worked as a construction worker. The ALJ found that plaintiff could not perform his past work, but had the residual functional capacity ("RFC") to perform sedentary work but requiring the "ability to alternate between sitting and standing at will" and being "limited to simple, routine and repetitive tasks that involve no interaction with the public." At the hearing, the vocational expert testified that plaintiff could perform the positions of assembler and inspector, for which a significant number of positions exist in the national economy. The ALJ denied

plaintiff's application for benefits in a written decision on May 5, 2014, the Appeals Council denied review, and plaintiff timely filed for judicial review.

Both sides have filed motions for summary judgment. On October 26, 2016, Magistrate Judge Stafford issued her report and recommendation that the Commissioner's motion for summary judgment should be granted and plaintiff's motion for summary judgment should be denied. Now before the court are plaintiff's objections to that report. In his two objections, plaintiff argues (1) that the ALJ failed to fully consider Dr. Boneff's report which should have led to the conclusion that plaintiff could not remain on task at least 85 percent of the day, a requirement for the positions the vocational expert found necessary for any employment; and (2) the ALJ did not properly consider the moderate limitations outlined in the opinion of the state agency psychologist, Michele Leno, Ph.D., in the hypothetical question posed to the vocational expert.

## III. STANDARD OF LAW

The standard of review to be employed by the court when examining a report and recommendation is set forth in 28 U.S.C. § 636. This court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28

U.S.C. § 636(b)(1)(C).  This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*  A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand.  *See* 42 U.S.C. § 405(g).  Findings of fact by the Commissioner are conclusive if supported by substantial evidence. *Id.*  The court must affirm the decision if it is "based on [an appropriate] legal standard and is supported by substantial evidence in the record as a whole." *Studaway v. Sec'y of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

Once an ALJ determines that a claimant does not possess the RFC to perform his or her past relevant work, the burden shifts to the Commissioner "to show that plaintiff possesses the capacity to perform other substantial gainful activity that exists in the national economy." *Varley v. Sec'y of Health and Human Servs.*, 820 F. 2d 777, 779 (6th Cir. 1987).  The Commissioner may rely on a vocational expert's testimony in response to a hypothetical question to meet this burden.  *Id.*  "In order for a vocational expert's testimony in response to a hypothetical question to serve as substantial evidence in

-4-

support of the conclusion that a claimant can perform other work, the question

must accurately portray a claimant's physical and mental impairments." *Ealy*

*v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010).

## IV. Analysis

### 1.    Whether the ALJ Gave Appropriate Weight to Dr. Boneff's Opinion

Plaintiff argues that if the ALJ had given proper weight to Dr. Nick

Boneff's medical report, the ALJ would have concluded that plaintiff was not

able to remain on task for 85 percent of the day, a requirement the vocational

expert identified for successful employment.   The court has reviewed the

ALJ's decision and finds that the ALJ carefully considered his report in total.

Specifically, the ALJ noted:

> the claimant was examined by Nick Boneff, Ph.D.
> (licensed psychologist) and diagnosed with bipolar
> disorder, intermittent explosive disorder, cocaine
> abuse and alcohol abuse/dependence in reported
> remission.   It was noted that the claimant
> demonstrated difficulties with concentration as
> evidenced by extreme difficulty performing
> calculational tasks. He displayed moderate strengths
> in immediate memory and the capacity to pay
> attention and significant problems with short-term
> memory. He displayed variability in terms of capacity
> for abstract thinking, capacity for judgment and
> impulse control. Dr. Boneff opined that the claimant
> appeared to be capable of engaging in simple work
> type activities, remembering and executing a three of
> four-step repetitive procedure on a sustained basis

> that required little if any independent judgment or
> decision making.

(Doc. 9-2 PgID 45-46).  Plaintiff points out that Dr. Boneff also reported that plaintiff angers quickly, manages money poorly, has difficulty with short-term memory, has difficulty making mathematical calculations, was incapable of managing his own benefit funds, and has only moderate strengths in his ability to pay attention.  Plaintiff claims this supports the inference that he was unable to stay on task for 85 percent of the day.

The fact that plaintiff may not have managed money well or had difficulty with mathematical calculations does not inform the determination of whether plaintiff could stay on task in a sedentary position as inspector as much as 85 percent of the time.  By plaintiff's own admission, Dr. Boneff found that he had moderate strengths in immediate memory and the ability to pay attention.  Dr. Boneff expressly found that plaintiff "would appear capable of engaging in simple work type activities, remembering and executing a three or four-step repetitive procedure on a sustained basis."  (Doc. 9-7 at PgID 406).  The use of the phrase "sustained basis" suggests that plaintiff could stay on task as much as 85 percent of the time.  Moreover, plaintiff has not come forward with any evidence suggesting that he would be unable to stay on task 85 percent of the time in the inspector position identified by the vocational expert as one

fitting his qualifications.   Accordingly, plaintiff's first objection shall be overruled.

## 2.   Whether Hypothetical Question to Vocational Expert was Sufficient

Plaintiff next argues that the ALJ erred by not including the limitations identified by Dr. Leno in the hypothetical posed to the vocational expert. According to plaintiff, Dr. Leno identifies the moderate limitations in his "ability to maintain attention and concentration for extended periods of time, [to] interact appropriately with the general public, [to] accept instructions and respond appropriately to criticism from supervisors."   The court overrules plaintiff's objection because the hypothetical posed to the vocational expert adequately accounted for these moderate limitations as it specifically precluded plaintiff from any work with the general public, required that plaintiff be allowed to alternate between sitting and standing at will, and limited plaintiff to simple, routine and repetitive tasks.

## V. Conclusion

For the reasons set forth above, plaintiff' objections hereby are OVERRULED.   Consistent with the analysis herein, the court hereby ACCEPTS Magistrate Judge Stafford's report and recommendation dated October 26, 2016 (Doc. 13), AFFIRMS the ALJ, GRANTS the Commissioner's

motion for summary judgment (Doc. 12), DENIES plaintiff's motion for summary judgment (Doc. 11), and DISMISSES plaintiff's complaint WITH PREJUDICE.

**IT IS SO ORDERED**.

Dated: January 4, 2017

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 4, 2017, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---